Filed 7/15/22 P. v. Sanchez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C094837 |
| Plaintiff and Respondent, | (Super. Ct. No. 09F3322) |
| v. | |
| ALBERT CURTIS SANCHEZ, | |
| Defendant and Appellant. | |

In 2012, a jury found defendant Albert Curtis Sanchez guilty of using a dangerous or deadly weapon to commit first degree murder during the commission of second degree robbery. The trial court sentenced defendant to life without the possibility of parole plus seven years. The court imposed $60 in court facilities assessment fees, $80 in court operations assessment fees, a $10,000 restitution fine, and a $10,000 suspended parole revocation restitution fine, and ordered defendant to pay $7,499.06 restitution, plus a 10 percent administration fee, to the California Victim Compensation Board. Defendant did not object to the fees and fines.

1

In 2014, defendant appealed his conviction, arguing the trial court erred in excluding third party culpability evidence. (*People v. Sanchez* (Nov. 20, 2014, C071137) [nonpub. opn.], rehg. den. Dec. 12, 2014, review den. Feb. 11, 2015.) This court affirmed the judgment. (*Ibid.*) Fines and fees were not addressed. Our remittitur issued in February 2015.

In June 2021, defendant, in propria persona, filed a motion requesting the trial court to waive or modify his "restitution fine," an umbrella term for the sum of the restitution fine, parole revocation restitution fine, and victim's restitution order. Defendant asserted the trial court impermissibly imposed the fines without determining whether he had the ability to pay. The trial court summarily denied the motion, finding defendant forfeited his claim by failing to object at the time of sentencing.

In September 2021, defendant timely filed a notice of appeal.

In March 2022, we granted defendant's motion to incorporate by reference the record from his prior appeal, as the court reporter was unable to retrieve the record.

DISCUSSION

Appointed counsel for defendant filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant filed a supplemental brief reprising his arguments that his "restitution fine" should be waived or modified. From what we can discern, defendant also argues counsel was ineffective in advising him about, and preserving his challenge to, the fines.

Defendant, however, has appealed from a nonappealable order, as the trial court lacked jurisdiction to modify defendant's sentence in his long-final judgment. "The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' [Citations.] And, '[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such

2

an order must be dismissed.' " (*People v. King* (2022) 77 Cal.App.5th 629, 634, petn. for review pending, petn. filed May 24, 2022.) "There are important exceptions to this rule. [Penal Code] [s]ection 1170.03,[1] subdivision (a) gives a trial court the authority to recall a sentence on its own motion within 120 days of the defendant's remand, or at any time upon a request by various law enforcement officials. [Citation.] The Legislature has also created other specific statutory avenues for incarcerated defendants to seek resentencing in particular cases. (See, e.g., §§ 1170.95, 1170.126, 1170.18.) If a modification does not make a substantive change to a sentence but simply corrects a clerical error, the trial court has the inherent power to correct its own records at any time. [Citation.] And a trial court may of course rule on a defendant's challenge to an unlawful sentence in a properly filed petition for a writ of habeas corpus." (*Id.* at p. 637.)[2]

None of these exceptions applies here. Defendant seeks to reduce the restitution fines based on an objection, raised for the first time, several years after execution of his sentence had begun, his judgment was rendered and affirmed on appeal, and remittitur had issued. The restitution fines were set within statutorily permitted ranges, defendant raised no challenge to the fines on original direct appeal, and we discern no clerical error pertaining to the fines.

Section 1237, subdivision (b) provides that a party may appeal "[f]rom any order made after judgment, affecting the substantial rights of the party." Here, however, " '[s]ince the trial court lacked jurisdiction to modify the restitution fines, its order denying [defendant's] motion requesting the same did not affect his substantial rights and

---

**1** Further undesignated section references are to the Penal Code.

**2** "Because the unauthorized sentence doctrine is a principle of waiver rather than jurisdiction, however, it is not one of those exceptions. The doctrine does not itself create jurisdiction for the trial court to rule on a motion challenging the legality of a sentence." (*People v. King*, *supra*, 77 Cal.App.5th at p. 637, petn. for rev. pending.)

is not an appealable postjudgment order.' " (*People v. Jinkins* (2020) 58 Cal.App.5th 707, 713, fn. 5.) Similarly, section 1237.2 -- not invoked by defendant -- provides that "[t]he trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction." But the "jurisdiction created by that statute does not extend beyond the pendency of a defendant's direct appeal from his or her judgment of conviction." (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1088.)

Thus, the trial court lacked jurisdiction to waive or modify the restitution fines. Accordingly, we must dismiss defendant's appeal.

DISPOSITION

The appeal is dismissed.

/s/

Robie, Acting P. J.

We concur:

/s/

Duarte, J.

/s/

Krause, J.